[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13599
_____

D.C. Docket No. 6:11-cv-01074-CEH-DAB

L. RONALD BROWN,

Plaintiff-Appellant,

versus

LASSITER-WARE, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 20, 2015)

Before TJOFLAT and HULL, Circuit Judges, and HALL,[*] District Judge.

PER CURIAM:

After review of the record and with the benefit of oral argument by counsel for plaintiff L. Ronald Brown ("plaintiff") and defendant Lassiter-Ware, Inc. ("defendant"), this Court finds as follows.

We find no reversible error in the district court's August 16, 2013 order granting the defendant's motion for summary judgment with respect to the plaintiff's claims arising under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.; the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.; and the Florida Civil Rights Act, Fla. Stat. § 760.01, et seq.; and denying the defendant's motion with respect to the plaintiff's claims arising under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.  We also find no reversible error in any of the district court's other pretrial rulings.

We further find that the district court properly submitted the plaintiff's FMLA claims to the jury.  Following the presentation of the plaintiff's case at trial, the defendant moved for judgment as a matter of law on plaintiff's FMLA claim pursuant to Federal Rule of Civil Procedure 50(a); the district court took this motion under advisement.  At the conclusion of all evidence, the defendant asked if

---

[*]Honorable J. Randal Hall, United States District Judge for the Southern District of Georgia, sitting by designation.

it needed to renew its Rule 50 motion; the district court responded that it was not necessary as the motion was still under advisement, and the district court's subsequent order treated the motion as a renewed motion.

After the jury returned a verdict awarding the plaintiff $250,000 in connection with his FMLA claims, the district court granted the defendant's Rule 50 motion and then entered judgment in favor of the defendant on July 18, 2014. After careful review of the record evidence, we conclude that the district court erred in granting the defendant's Rule 50 motion as to the plaintiff's FLMA claims and in setting aside the jury verdict. Accordingly, we vacate the district court's judgment and remand with instructions that the district court reinstate the jury verdict and enter judgment in the amount of $250,000 for the plaintiff against the defendant on the plaintiff's FMLA claims.

**REVERSED and REMANDED.**